BEFORE THE SECOND DIVISION, SEPTEMBER 13, 1961

No. 66058.—Patrick and Graves et al. v. United States, protests 60/7529, etc. (Galveston).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of golf caddy carts similar in all material respects to those the subject of Abstract 64052, the claim of the plaintiffs was sustained.

No. 66059.—Arthur J. Humphreys and Crown Zellerbach Corp. v. United States, protests 59/4277, 59/4278, and 59/8952 (Seattle).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of paper toweling similar in all material respects to that the subject of *United States* v. *Border Brokerage Company* (48 C.C.P.A. 38, C.A.D. 760), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, SEPTEMBER 14, 1961

No. 66060.—Henry A. Wess, Inc. v. United States, protests 59/6562, etc. (Cleveland).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of woodworking machinery, or parts thereof, of the same kind in all material respects as those the subject of *Henry A. Wess, Inc.* v. *United States* (43 Cust. Ct. 78, C.D. 2107), the protests were dismissed, and the matters were remanded to a single judge sitting in reappraisement for determination of the value of the merchandise in the manner provided by law (28 U.S.C. § 2636(d)).

No. 66061.—D. J. Ambrosio v. United States, protest 60/27014 (New York).

Opinion by LAWRENCE, J. From a review of the record in this case, the court found nothing tending in any way to overcome the presumption of correctness attaching to the classification by the collector. The protest was, therefore, overruled.